UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
EDWARD J. FITZPATRICK,

                Plaintiff,

  -against-                        **MEMORANDUM AND ORDER**
                                         Case No. 10-CV-4250 (FB)
CAROLYN W. COLVIN,
COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
---------------------------------------------------x

*Appearances*:                                  *For the Defendant*:
*For the Plaintiff*:                        LORETTA E. LYNCH, ESQ.
CHRISTOPHER J. BOWES, ESQ.     United States Attorney
54 Cobblestone Drive                   Eastern District of New York
Shoreham, New York 11786         271 Cadman Plaza East
                                                      Brooklyn, New York 11201

                                                      By CANDACE APPLETON, ESQ.
                                                          Assistant U.S. Attorney

**BLOCK, Senior District Judge:**

      Having recovered almost $275,000 in past-due benefits for his client, plaintiff's counsel asks the Court to approve attorney's fees of $57,212.74 pursuant to 42 U.S.C. § 406(b)(1), which authorizes "a reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits."[1]

---

[1] Counsel has already recovered $11,344.26 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), bringing the total

Counsel's request is based upon a contingency-fee agreement in which plaintiff agreed to pay a fee equal to 25% of any past-due benefits recovered. In deciding whether such an agreement is reasonable, a court "should, of course, determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).

Because of the EAJA award, the fee sought pursuant to § 406 comes to a little less than 21% of plaintiff's recovery. There is no evidence of fraud or overreaching. Time records reflect that counsel spent approximately 69 hours seeking judicial review of the denial of benefits. The resulting hourly rate—approximately $829 per hour—is high, but does not constitute a windfall in light of the degree of success, the time and effort required to achieve it, and the risk of nonpayment. *See Wells*, 907 F.3d at 371 ("We must recognize . . . that a contingency agreement is the freely negotiated expression both of a claimant's willingness to pay more

---

sought to $68,557.

2

than a particular hourly rate to secure effective representation, and of an attorney's willingness to take the case despite the risk of nonpayment.").

In sum, the Court finds counsel's request reasonable. Accordingly, it directs the Commissioner to release $57,212.74 of past-due benefits withheld to plaintiff's counsel and any remaining balance to plaintiff.

**SO ORDERED.**

/S/Frederic Block  
FREDERIC BLOCK  
Senior United States District Judge

Brooklyn, New York  
June 16, 2012